Moving Party: _____

## *Larsen v. Nebraska Energy Federal Credit Union*, Case No. 8:22-CV-13

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers of the assigned magistrate judge.

The moving party is:       Defendant Nebraska Energy Federal Credit Union

The responding party is:    Plaintiff Bonnie Larsen

**Note:**  If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Defendant's Request for Production No. 20. | Relevant to all claims and defenses. This Request seeks Plaintiff's personal diaries, journals, calendars . . . . written statements, and computer files regarding her employment with Defendant. | Plaintiff must produce the responsive documents. | This request is overbroad, beyond the scope of discovery and unduly burdensome because it requests "all documents relating to your employment with Defendant…without [any] limitation" to the issues in the case. Plaintiff previously produced responsive documents and agreed to supplement a which included a | None. Plaintiff's 63 page "Documentation Timeline" proves the existence of the underlying, highly responsive source data, where it provides an annotated summary of events beginning in September 2012. | Plaintiff recently confirmed that there are no diary, notes or other source data re the timeline or other responsive notes in addition to what has previously been produced.\n\nPlaintiff agreed to produce Plaintiff's "Documentation Timeline" in native format per Defendant's request. | Plaintiff shall produce the timeline in native format by December 22, 2022.\n\nTo the extent Plaintiff utilized other documents in creating the timeline, or if any entries in the timeline are a reproduction of other documents, Plaintiff shall produce those documents and/or identify any previously produced documents by January 12, 2023. |

Moving Party: _____

| | | | "Documentation Timeline". | | | |
|---|---|---|---|---|---|---|
| Defendant's Third Set of Interrogatories, Interrogatory No. 1 | Relevant to determine which portions of Plaintiff's 14 hours of clandestine audio recordings support her claim. | Plaintiff must identify which portions of the audio recording support her claim, because Defendant is entitled to prepare for trial and conduct discovery regarding Plaintiff's own production and claims. | In addition to being vague and ambiguous, the interrogatory is overbroad, beyond the relevance and proportionality scope of discovery, oppressive and unduly burdensome. | N/A. There is no compromise available other than Plaintiff responding or Defendant obtaining leave to extend the 7-hour deposition limit to allow sufficient time to cover all 14 hours of recordings. | Plaintiff has not yet decided which portions of the recordings, if any, she will offer as evidence in support of her claims. If Plaintiff does decide to offer any portions, she will provide excerpts to Defendant or designate the relevant times of the recordings in the Pretrial Order. | Plaintiff shall identify the portions of the recordings that are NOT relevant to her claims by January 12, 2023. Defendant may seek leave to extend the 7-hour deposition limit, if it becomes necessary. |

Counsel for [Plaintiff]:        Michael J. Merrick

Counsel for [Defendant]:        Michaelle L. Baumert and Brock J. Pohlmeier

Dated this 15th day of December, 2022.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

# JacksonLewis

**Jackson Lewis P.C.**
10050 Regency Circle, Suite 400
Omaha NE  68114
(402) 391-1991 Main
(402) 391-7363 Fax
jacksonlewis.com

December 15, 2022

**VIA EMAIL**

Honorable Michael D. Nelson
nelson@ned.uscourts.gov

Re:   *Larsen v. Nebraska Energy Federal Credit Union.*
Case No. 8:22-CV-13

Dear Judge Nelson:

Pursuant to your request, Defendant Nebraska Energy Federal Credit Union ("Defendant" or "NEFCU") provides this correspondence to outline the discovery disputes between the parties. At the time NEFCU requested Your Honor's assistance, there were three issues to resolve: (1) Plaintiff's failure to produce documents responsive to NEFCU's Request for Production No. 20; (2) Plaintiff's objections to NEFCU's Third Set of Interrogatories; and (3) certain deficiencies regarding Plaintiff's production of documents. On December 9, 2022, Plaintiff's counsel agreed to cure Plaintiff's production deficiencies. However, NEFCU reserves the right to address those deficiencies to the extent they remain.

## BACKGROUND FACTS

### A.  Defendant's Request for Production No. 20

On April 18, 2022, NEFCU served its First Set of Requests for Production. NEFCU extended Plaintiff's response deadline to June 17, 2022. However, Plaintiff failed to respond until June 23, 2022, meaning she waived all objections. Nevertheless, Plaintiff objected to NEFCU's Request for Production No. 20 and has withheld responsive documents for over six months. On July 6, 2022, NEFCU initiated meet and confer efforts to resolve Plaintiff's discovery deficiencies and improper objections, including Plaintiff's objection to NEFCU's Request for Production No. 20, which specifically requested any all documents relating to Plaintiff's employment with NEFCU including "personal diaries, journals, calendars . . . . written statements, and computer files". Plaintiff objected that this request was "overbroad, beyond the scope of discovery and unduly burdensome", without any explanation. In response, NEFCU advised, "based on Larsen's

**JacksonLewis**

Honorable Michael D. Nelson
December 12, 2022
Page 2

repeated recitation of alleged actions and specific details going back to 2012, and possibly before, it appears very unlikely she does not maintain a personal diary responsive to this request. Larsen must withdraw her objection and supplement accordingly."

In August 2022, Plaintiff committed to producing supplemental documents. However, Plaintiff failed to provide any response or supplementation to NEFCU's July 6, 2022 meet and confer correspondence for over three months, requiring NEFCU to follow up again on October 21, 2022. Plaintiff, again, agreed to provide supplemental documents.  On October 25, 2022, Plaintiff produced a 63 page "Documentation Timeline", which includes an annotated summary of events beginning September 9, 2012. On October 27, 2022, NEFCU advised Plaintiff that:

> "Plaintiff's recently produced "Documentation Timeline" is very clearly a summarization of some other source material, which should have been produced in June 2022. For example, on P1168, plaintiff noted that she "**didn't do a lot of documenting**" during a specified period of time.  On P1184, plaintiff's 11-1-19 entry references a future date of 3-3-20. As we previously mentioned, it appears plaintiff has maintained a diary or some form of notes since, at least, 2012." (emphasis added).

On December 9, 2022, Plaintiff claimed that "there are no diary, notes or other source data re the timeline or other responsive notes". However, this representation is at odds with the details included in the "Documentation Timeline". Plaintiff committed to producing the "Documentation Timeline" in native format with preserved metadata, though Defendant has not received the supplemental production at this time.

## B. Defendant's Third Set of Interrogatories

Plaintiff produced 12 clandestine audio recordings of NEFCU employees totaling nearly 14 hours. To streamline discovery, NEFCU served a single interrogatory asking Plaintiff to identify which specific portions of these recordings support her claims, limited by adjectives Plaintiff used in various complaints, correspondences, etc. Plaintiff objected that the request was "vague, ambiguous, overbroad, beyond the relevance and proportionality scope of discovery, oppressive and unduly burdensome". NEFCU advised Plaintiff that this Interrogatory was more efficient than listening to 14 hours of audio during Plaintiff's deposition, and it was unclear "how else we can handle all those hours and hours of secretly recorded meetings to prepare for trial unless we know what portions your client thinks present evidence of unfair treatment or harassment". In response, Plaintiff advised "plaintiff's position is the recordings are relevant in their entirety and the discovery rules don't require her to parse them to decide which portions fit the various adjectives included in the interrogatory." NEFCU reiterated that responding to this Interrogatory was more efficient than listening to 14 hours of recordings during Plaintiff's deposition, and that Defendant is clearly entitled to discovery regarding Plaintiff's own production, despite her claiming that such requests were "beyond the relevance . . . .of discovery". NEFCU requested an opportunity to discuss, but Plaintiff indicated she would "stand on her objection".

# JacksonLewis

Honorable Michael D. Nelson
December 12, 2022
Page 3

Plaintiff seems to believe she can produce such voluminous records that NEFCU has no ability to conduct related discovery. This contention defies credibility. Of course, to the extent there is any "burden" relative to this discovery, Plaintiff's unilateral actions created it. Defendant is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense". Plaintiff conceded Defendant's entitlement by maintaining that "the recordings are relevant in their entirety". Plaintiff must be required to answer NEFCU's Third Set of Interrogatories or NEFCU must be granted leave to depose Plaintiff beyond the 7-hour limit, sufficient to cover all 14 hours of recordings.

We look forward to our discussion on December 15, 2022 at 10:00 a.m. Please let us know if you need anything further.

Very truly yours,

JACKSON LEWIS P.C.

Michaelle L. Baumert
Brock J. Pohlmeier

MLB/BJP/ced
Enclosures
4881-2865-5427, v. 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BONNIE S. LARSEN, an Individual, | ) | Case No.: 8:22-cv-00013 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S MEMORANDUM** |
| | ) | **REGARDING DEFENDANT'S** |
| NEBRASKA ENERGY FEDERAL | ) | **REQUEST FOR PRODUCTION 20** |
| CREDIT UNION, | ) | **& INTERROGATORY 1, THIRD SET** |
| | ) | |
| Defendant. | ) | |

**Plaintiff's Position Regarding Defendant's Request for Production 20:**

This is an age and disability discrimination and retaliation action. Plaintiff initially objected to this request because it seeks all documents relating in any way to Plaintiff's long-term employment with Defendant, without limitation to the parties' claims and defenses and the proportionality requirement of Federal Rule of Civil Procedure 26(b). A similar request by a plaintiff would also be inappropriate for the same reason.

Plaintiff initially produced responsive documents notwithstanding her objections and subsequently produced supplemental documents including the timeline she prepared as mentioned in the parties' joint discovery form submitted to Chambers. Plaintiff has confirmed that there are no diary, journal, notes or other source data regarding her timeline other than what has already been produced. Plaintiff also agreed to Defendant's request to provide Defendant with the timeline in native form. Plaintiff believes this issue has been resolved.

**Plaintiff's Position Regarding Defendant's Interrogatory 1 (Third Set):**

Defendant's request that Plaintiff designate by time the portions of the lengthy recordings of meetings that fit the various adjectives in the interrogatory is improper. For example, whether a particular statement can be deemed "inappropriate, disrespectful, [or] demoralizing," etc., may

not have anything to do with whether Defendant violated the anti-discrimination statutes as defined in the jury instructions.

Plaintiff has not decided which portions, if any, of the recordings she will offer in support of her claims. In the event Plaintiff decides to offer portions of the recordings at trial she will provide Defendant and the Court with excerpts and/or time designations in the Pretrial Order. That is a sensible compromise, with which Defendant should likewise comply if it intends to offer any of the recordings in support of its defense, particularly given Defendant's assessment of the contents of the recordings: "If you've listened to the tapes, you'll note that the vast majority of their content (I'd argue all of those hours and hours) is innocuous." (M. Baumert e-mail to M. Merrick Nov. 21, 2022).

Respectfully submitted,

Bonnie S. Larsen

By: /s/Michael J. Merrick
       Attorney For Plaintiff
       Attorney No. 19855

Merrick Law Firm LLC
1004 Farnam Street, Suite 103
Omaha, NE 68102
Tel (402) 933-4256
Fax (402) 513-6504
merrick@merricklawfirm.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he caused the foregoing document to be served upon Defendants' counsel of record via email to Michaelle L. Baumert and Brock J. Pohlmeier on December 12, 2022.

/s/Michael J. Merrick

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BONNIE S. LARSEN, an Individual, | ) | |
| | ) | Case No. 8:22-cv-00013 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S THIRD SET OF** |
| | ) | **INTERROGATORIES** |
| NEBRASKA ENERGY FEDERAL | ) | **TO PLAINTIFF** |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 33, Defendant Nebraska Energy Federal Credit Union ("Defendant" or "NEFCU"), by and through undersigned counsel, hereby directs Plaintiff Bonnie S. Larsen ("Plaintiff" or "You") to answer, separately and under oath, Defendant's Third Set of Interrogatories to Plaintiff.

### INSTRUCTIONS

A.      In answering these Interrogatories, please furnish all information which is available to you, including information in the possession of your current or former attorneys or investigators. If you cannot answer the following Interrogatories in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, the reasons for your inability to fully respond, and provide whatever information or knowledge you have concerning the unanswered portions.

B.      If any form of privilege or other protection from disclosure is claimed as a ground for withholding responsive information contained in a document or regarding a verbal communication, set forth with respect to such document or communication the date, title, identity of the author and the parties, subject matter (without revealing the information for which a privilege is claimed), and the facts or basis on which you claim privilege with sufficient specificity to permit the Court to make a determination as to whether the claim or privilege is valid.

1

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  In earlier discovery in this matter, Plaintiff produced to Defendant the following taped conversations or meetings Plaintiff had with Defendant's employees and/or Board members, which Plaintiff had recorded and then produced as Bates Nos. P01114, P01115, P01116, P01117, P01118, P01119, P01121, P01122, P01123, P01124, P01125, and P01126.  To the extent that Plaintiff contends these recordings demonstrate any inappropriate, disrespectful, demoralizing, or demeaning treatment, or bullying, or aggressive criticism, or instances of mocking or belittling Plaintiff, or yelling at Plaintiff, or mistreatment, or harassment, or retaliation, by Defendant's employees or Board members toward Plaintiff, please identify all such portions of the recordings by the tape and the time they appear on each tape (for example, P0111__, 30:56-31:05) and what type of treatment each portion Plaintiff identifies demonstrates.

**ANSWER:**


DATED: October 19, 2022.

NEBRASKA ENERGY FEDERAL CREDIT
UNION, Defendant

*/s/ Michaelle L. Baumert*
Michaelle L. Baumert, #20948
Brock J. Pohlmeier, #25817
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, NE 68114
Telephone: (402) 391-1991
Facsimile: (402) 391-7363
Michaelle.baumert@jacksonlewis.com
Brock.pohlmeier@jacksonlewis.com
ATTORNEYS FOR DEFENDANT

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2022, I served a true and accurate copy of the foregoing, via email, upon:

Michael J. Merrick
Merrick Law Firm LLC
1004 Farnam Street, Suite 103
Omaha, NE 68102
merrick@merricklawfirm.com

*/s/ Michaelle L. Baumert*

4857-2915-4874, v. 1

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| BONNIE S. LARSEN, an Individual, | ) | Case No.: 8:22-cv-00013 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S RESPONSE TO** |
| | ) | **DEFENDANT'S FIRST** |
| NEBRASKA ENERGY FEDERAL | ) | **REQUEST FOR PRODUCTION** |
| CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Bonnie Larsen, through counsel, responds to Defendant's first set of requests for production pursuant to Federal Rule of Civil Procedure 34 as follows.

**REQUEST NO. 1:** Produce each document, including without limitation, grievances, letters, notes, audio recordings, videos, calendars, diaries or logs which in any manner relates to, concerns, or touches upon, any conversations or communications between Plaintiff and any other person, corporation or other entity concerning any matter raised in Plaintiff's Complaint.

**RESPONSE**:  Plaintiff will produce responsive documents.

**REQUEST NO. 2:** Produce any and all letters, statements, diaries, audio recordings, videos, journals, notes, calendars or documents, writings, things, or recordings within Plaintiff's possession or control which reflect, record, or discuss any of the events and/or claims alleged by Plaintiff in Plaintiff's Complaint.

**RESPONSE:**  Plaintiff will produce responsive documents.

**REQUEST NO. 3:** Produce all documents, writings and other tangible items which reflect or relate to the earnings, income, employee benefits, financial assistance, or other monies you have received from any employer or any other source since March 30, 2021.

**RESPONSE:** Objection, overbroad and beyond the scope of discovery. Without waiving these objections, Plaintiff will produce responsive documents regarding earnings Plaintiff received for work she performed.

**REQUEST NO. 4:** Produce any and all letters, notes, audio or visual recordings, electronic communications, or documents containing statements or other communications from, to, or with persons with knowledge of Plaintiff's allegations or claims or the events giving rise to Plaintiff's Complaint, including anyone identified as witnesses in Plaintiff's Initial Disclosures or in Plaintiff's responses to Defendant's Interrogatories.

**RESPONSE:** Plaintiff will produce responsive documents.

**REQUEST NO. 5:** Produce all documents or records that support any of Plaintiff's allegations and claims in this lawsuit.

**RESPONSE:** Plaintiff will produce responsive documents.

**REQUEST NO. 6:** Produce all documents, records and other tangible items that relate in any way to statements made by Plaintiff or on Plaintiff's behalf with regard to any of the matters alleged in the Complaint in this case.

**RESPONSE:** Plaintiff will produce responsive documents.

**REQUEST NO. 7:** Produce all documents, writings and other tangible items which relate to allegations regarding the damages alleged to have been suffered by Plaintiff, including, but not limited to, lost wages and benefits and bills and records regarding any medical and/or mental health treatment Plaintiff alleges arose from any alleged actions of Defendants.

**RESPONSE:** Plaintiff will produce responsive documents.

**REQUEST NO. 8:** If Plaintiff contends that she has attempted to mitigate her claimed losses, produce each document, record, or other tangible item which in any manner relates to, concerns or supports that contention.

**RESPONSE:** Plaintiff will produce responsive documents.

**REQUEST NO. 9:** Provide copies of the federal and state tax returns Plaintiff filed with the government from January 1, 2019 through the present, including all schedules, W-2s and 1099s.

**RESPONSE:** Objection, overbroad and beyond the scope of discovery. Without waiving these objections, Plaintiff will produce all W-2s, 1099s and paystubs regarding her earnings for work she performed since she was terminated on March 30, 2021.

**REQUEST NO. 10:** Provide copies of all documents received via Subpoena to any third party.

**RESPONSE:** Plaintiff will produce responsive documents.

**REQUEST NO. 11:** Provide copies of all documents you plan to use as Exhibits.

**RESPONSE:** Objection, attorney work-product doctrine. Without waiving this objection

Plaintiff will produce responsive documents.


**REQUEST NO. 12:** Provide copies of all documents identified or used in answering any of

Defendant's Interrogatories to Plaintiff.

**RESPONSE:** Plaintiff will produce responsive documents.


**REQUEST NO. 13:** Produce any documents authored by any individuals you have identified in

response to Defendant's Interrogatories which reflect, record, or discuss any of the events and/or

claims alleged by Plaintiff in the Complaint.

**RESPONSE:** Plaintiff will produce responsive documents.


**REQUEST NO. 14:** Produce any documents received from the individuals you have identified

in response to Defendant's Interrogatories which reflect, record, or discuss any of the events

and/or claims alleged by Plaintiff in the Complaint.

**RESPONSE:** Plaintiff will produce responsive documents.


**REQUEST NO. 15:** Produce any documents the individuals you have identified in response to

Defendant's Interrogatories will rely upon as part of the testimony they will provide.

**RESPONSE:** Objection, attorney work-product doctrine. Without waiving this objection,

Plaintiff will produce responsive documents.

**REQUEST NO. 16:** Produce any documents the witnesses you have identified in response to Defendant's Interrogatories have reviewed or will review in the course of preparing to testify.

**RESPONSE:** Objection, attorney work-product doctrine.  Without waiving this objection, Plaintiff will produce responsive documents.


**REQUEST NO. 17:** All documents relating to any communication including, but not limited to, emails, text messages, and social media messages, between you and any current or former employee or agent or representative of Defendant, from January 1, 2020 to present, that pertains to any allegations set forth in your Complaint including, but not limited to, any complaints you made about Defendant or its employees and your termination.

**RESPONSE:**  Plaintiff will produce responsive documents.


**REQUEST NO. 18:** All documents relating to any communication including, but not limited to, emails, text messages, and social media messages, between you and any current or former member of Defendant's board of directors, from January 1, 2020 to present, that pertains to any allegations set forth in your Complaint including, but not limited to, any complaints you made about Defendant or its employees and your termination.

**RESPONSE:**  Plaintiff will produce responsive documents.


**REQUEST NO. 19:** All documents from January 1, 2020 to present, including all letters, notes, recordings, internet or online communication, posting, response to posting, update, response to update, comment, response to comment, e-mail, instant message, text message, voice mail message, Facebook message or post, LinkedIn message or post, Twitter message or tweet,

5

MySpace message or post, between you and any third person, other than your attorneys, including, but not limited to, your friends, family, neighbors, co-workers, colleagues, acquaintances, and strangers, that pertain to the claims in your lawsuit against Defendants including, but not limited to, discussions regarding NEFCU or its employees and your termination.

**RESPONSE:** Plaintiff will produce responsive documents.


**REQUEST NO. 20:** All documents relating to your employment with Defendant, including, without limitation, training information, personal diaries, journals, calendars, schedules, itineraries, employment agreements, agreements regarding computation of compensation, performance evaluations, documents relating to your job performance (including, without limitation, personnel records and business records), correspondence, written statements, electronic mail, computer files, digital or otherwise recorded pictures, photographs or graphic representations, and any other documents that relate to such employment, including documents that are considered property of NEFCU.

**RESPONSE:** Objection, overbroad, beyond the scope of discovery and unduly burdensome. Without waiving these objections, Plaintiff will produce responsive documents.


**REQUEST NO. 21:** Produce all documents relating to or concerning any bankruptcies, divorces, lawsuits, grievances, charges filed with the Nebraska Equal Opportunity Commission or the Equal Employment Opportunity Commission, unfair employment practice charges, unemployment or worker's compensation claims to which Plaintiff was a party from January 1, 2010 through present.

**RESPONSE:** Objection, overbroad and beyond the scope of discovery. Without waiving these objections, Plaintiff will produce responsive documents.

**REQUEST NO. 22:** Produce the resume or curriculum vitae of any expert to be used by you at trial.

**RESPONSE:** Plaintiff will produce expert discovery as required by FRCP 26 and the Court's Orders.

**REQUEST NO. 23:** Produce all documents used and relied upon by your expert(s) to form an opinion as to any issue in this case.

**RESPONSE:** Plaintiff will produce expert discovery as required by FRCP 26 and the Court's Orders.

**REQUEST NO. 24:** Produce all documents which you have provided to your expert(s) in connection with this litigation.

**RESPONSE:** Plaintiff will produce expert discovery as required by FRCP 26 and the Court's Orders.

**REQUEST NO. 25:** Produce all reports generated by your expert(s) in connection with this litigation.

**RESPONSE:** Plaintiff will produce expert discovery as required by FRCP 26 and the Court's Orders.

**REQUEST NO. 26:** Produce all reports generated by your expert(s) in any other employment related cases.

**RESPONSE:**  Plaintiff will produce expert discovery as required by FRCP 26 and the Court's Orders.

**REQUEST NO. 27:** All documents and correspondence, including any and all text messages, voice messages, video messages and/or picture messages, created, sent or received from the time of your employment with NEFCU to the present, that concern, relate to, or contain any information regarding any alleged mental pain, severe emotional distress, embarrassment, humiliation, mental anguish, loss of capacity for enjoyment of life, impairment of working ability, loss of dignity, loss of or diminution of earning or earning capacity, physical or emotional state and any stressors that you claim caused and/or exacerbated an emotional injury to you including, but not limited to, family issues, financial issues, health issues, and others.

**RESPONSE:**  Plaintiff will produce responsive documents.

**REQUEST NO. 28:** With respect to the e-mail and internet accounts you were asked to identify in response to Defendant's First Set of Interrogatories, please produce copies of:
a) Your complete profile on Facebook, MySpace, LinkedIn, Twitter, Classmates, Google+, and all other social networking sites (including all updates, changes, or modification to your profiles) and all status updates, messages, wall comments, cause(s) joined, group(s) joined, activity streams, blog entries, details, blurbs, comments, and application postings, which support, tend to support, refute, tend to refute, or relate to your claims or damages alleged in the Action.

b) All photographs or videos posted by you, by anyone on your behalf, or photographs which you have been "tagged" on any websites which support, tend to support, refute, tend to refute, or relate to your claims or damages alleged in this lawsuit, including any photographs or videos which may illustrate your emotional or physical state; and

c) Copies of your e-mails, e-mail forwards, replies to e-mails, instant messages, chat room posts, web log/blog entries or comments that concern, tend to support, refute, tend to refute, or relate to your claims or damages alleged in this lawsuit, including any information regarding your physical or emotional state and any stressors that would cause and/or exacerbate an emotional injury including, but not limited to, family issues, financial issues, health issues, and others.

**RESPONSE:** Objection, overbroad, beyond the scope of discovery and unduly burdensome. Without waiving these objections, Plaintiff will produce responsive documents.


**REQUEST NO. 29:** All video or audio recordings, including recordings on a cellphone, of any of NEFCU's employees, officers, board members, representatives, or agents.

**RESPONSE:** Objection, overbroad and beyond the scope of discovery. Without waiving these objections, Plaintiff will produce responsive documents.


**REQUEST NO. 30:** Produce each document Plaintiff has in her possession and/or custody which relates to, supports or involves the claims asserted in Plaintiff's Complaint that are not produced pursuant to the previous requests.

**RESPONSE:** Plaintiff will produce responsive documents.

**REQUEST NO. 31:** Produce all resumes you have used since January 1, 2020.

**RESPONSE:** Objection, overbroad and beyond the scope of discovery. Without waiving these objections Plaintiff will produce responsive documents.


**REQUEST NO. 32:** Produce all cover letters you have submitted to any prospective employer since January 1, 2020.

**RESPONSE:** Objection, overbroad and beyond the scope of discovery. Without waiving these objections Plaintiff will produce responsive documents.


**REQUEST NO. 33:** Produce all documents relating to criminal or civil proceedings to which you have been a party since January 1, 2010 through present.

**RESPONSE:** Objection, overbroad and beyond the scope of discovery. Without waiving these objections Plaintiff will produce responsive documents.

Bonnie S. Larsen

By: /s/Michael J. Merrick
     Attorney For Plaintiff
     Attorney No. 19855

Merrick Law Firm LLC
1004 Farnam Street, Suite 103
Omaha, NE 68102
Tel (402) 933-4256
Fax (402) 513-6504
merrick@merricklawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that he caused the foregoing document to be served upon Defendants' counsel of record via email to Michaelle L. Baumert and Brock J. Pohlmeier on June 23, 2022.


<u>/s/Michael J. Merrick</u>